# Río *v.* The Municipal Court.

## Appeal from the District Court of Aguadilla.

No. 583.—Decided December 23, 1910.

Certiorari—Grounds not Alleged by Petitioner.—It is a questionable practice in *certiorari* cases generally, though possibly circumstances may exist when it would be justified, for the court to refuse the relief sought on one ground and grant it on entirely different grounds not presented by the applicant and on which the record is silent.

Id.—Judicial Proceedings—Presumption of Legality Thereof.—Judicial proceedings are presumed to be correct until the contrary is proven, and where it appears from a record under review in *certiorari* proceedings that the inferior court; after consideration, decided a motion filed by one of the parties, it will be presumed that the petitioner duly notified the other party of the motion, or that the latter waived his right to assail the proceeding by reason of any irregularity therein.

The facts are stated in the opinion.

*Mr. Carlos Franco Soto* for the opposition and appellant.

The respondent did not appear.

Mr. Justice MacLeary delivered the opinion of the court.

In this case the judgment appealed from is in the form of an opinion and, as it fully states the case, will be copied entire. It reads as follows:

"This is a proceeding of *certiorari,* instituted against the municipal court of San Sebastián, by the attorney, Juan B. Soto, as representative of the defendant, Sebastián Río, in the case prosecuted against the latter, by Pedro Juanarena, relating to the recovery of money. The writ was issued in accordance with the request contained in the petition, the original record of the case pending before the lower court having been transmitted to this court. It does not appear from said record that the opposing party had not been notified of the appeal taken by the defendant from the judgment rendered by the lower court; nor is there any evidence, moreover, if said party was in fact notified of the causes or reasons why this fact has not been shown in the record. It is true that in the petition it is alleged that the notification of the appeal was made to the opposing party who, while discussing the motion of the plaintiff requesting the annulment of the aforesaid appeal, offered evidence in order to prove his allegations, which evidence was not admitted by the judge of the lower court, who declared the writing of appeal to be null and void.

"Ought the judge of the lower court to have admitted the evidence offered by the defendant? This is the essential point on which the appeal is based and which cannot be taken into consideration on account of the circumstance that there is no evidence whatever to prove the truth of the allegations made in the petition. Inasmuch as there is no written petition of the defendant in regard to this point, nor any decision rendered by the judge of the lower court in regard to the same, it is clear that there is no means of obtaining any knowledge concerning the errors which are said to have been committed by the judge of the lower court. The appeal, therefore, in so far as this point is concerned, cannot be sustained. But, it appears from the original record that a substantial error has been committed in the proceedings, by which error the defendant has been deprived of the exercise of one of his rights, and said error consists in the fact that the motion presented by the plaintiff requesting the annulment of the writing of appeal has been presented and was heard by the court in open violation of the provisions of rule No. 4 of the rules governing civil trials in the district courts, which rules are also applicable to municipal courts. The aforesaid

rule No. 4 provides that: 'A motion, except when made during a trial, shall be in writing, and shall specify the grounds upon which the motion is made; and shall also specify the papers to be used by the moving party. And copies of such papers, except pleadings or other records of the court, or files in the action, *shall be served on the other party, with the notice of the motion.* The opposing party shall serve on the moving party copies of the papers to be used by him, and file the originals with the secretary, at least six hours before the hearing.' Inasmuch as, in this case, the provisions contained in the aforesaid rule have not been complied with by the party presenting the motion, nor by the judge, to whom it was presented, and the latter proceeded to hear said motion without any further requisite than that of the presentation of the same, it is evident that the defendant, who personally defended himself, has been deprived of a substantial right, which is that of being able to file the documents of which he intended to avail himself, and previously to inform himself of the contents of the documents presented by the opposing party.

"This error, which was committed in the course of the procedure, has given rise, as a consequence, to the fact that the defendant, in the act of the hearing of the motion, has not been able to utilize the adequate evidence, if the allegation made by the defendant in his petition is admitted to be true. This being so, the appeal must be sustained and declared to be well taken in view of the fact that otherwise a notorious injustice may be committed. In consequence of the aforesaid, all the proceedings had and all the writings filed in the municipal court of San Sebastián in the case prosecuted before the said court by Pedro Juanarena against Sebastián Río, for the recovery of money, from the time that motion was presented by the plaintiff under the direction of the attorney, Carlos Franco Soto, are declared to be entirely null and void, the proceedings had in the case, are restored to the same condition in which they were at the time when the notice of appeal from the judgment rendered by the aforesaid court was filed by the defendant, with the costs against the plaintiff; and it is hereby ordered that the original record of the case be returned to the municipal court in which it originated together with a certified copy of this decision, for the purposes indicated therein."

The first part of this judgment, in which the trial court discusses the question presented and concludes with the words

"The appeal, therefore, in so far as this point is concerned, cannot be sustained," is correct, and meets with our approbation.

But the rest of the opinion with the consequent order of the court, that certain proceedings of the municipal court be annulled, etc., cannot be approved for several reasons.

In the first place, it is a questionable practice in *certiorari* cases generally, though possibly circumstances may exist when it would be justified, for the court to refuse the relief sought on one ground and to grant it on entirely different grounds not presented by the applicant and on which the record is silent.

And again, the violation of rule No. 4 of the rules of the district courts does not clearly appear from the record; and nothing appearing therefrom, the presumption in favor of the regularity of all judicial proceedings must prevail, and it will be taken as established that the municipal court was satisfied that due notice of the motion had been given or waived before the same was heard and granted. And besides, the applicant for the writ of *certiorari* announces in his petition that the motion had been made and that the parties appeared for its discussion after it had been previously set down for that purpose, thereby clearly indicating that he had either been duly notified of such motion or had waived such notice.

Nor can we see, either, that this proceeding deprived the defendant of any substantial right of filing documents, or that he wished to be informed of anything presented by his antagonist and did not have an opportunity of gaining such information.

The record shows no such injury to the rights of the defendant in the original case, the respondent here.

Taking these views of the case as presented here, we feel impelled to affirm the first part of the judgment and to reverse the latter part thereof; and, therefore, to order that

the judgment and subsequent orders of the municipal court
be left undisturbed.

*Reversed.*

Chief Justice Hernández and Justices Wolf and del Toro
concurred.